HoweiiI, J.
The widow of the deceased has appealed from a judgment dismissing her opposition to the account of the administrator, claiming one thousand dollars, under the Homestead law of 1852. Ses. Acts, 171.
The facts are, that the deceased was married, in 1815, to the opponent, in New York, where they both resided. After the birth of two children, he left for California, and subsequently (the date not being fixed) came to this city, where he was residing at the date of his death, and where *384 his succession is now under administration; his wife and children remaining all the time in New York, and never having been in Louisiana.
The widow is shown to be in necessitous Circumstances; one of the children, a daughter, is married, and the other is about twenty-one years old, and contributes in part to the support of his mother.
The question is, are they entitled to the benefit of the Homestead Act? This is denied by the administrator, on the authority of the case of the S ' <ion of Cooper, 18 A. 36, and that of Stewart v. His Creditors, 12 A. 89. in the former, such a demand was refused, on the ground that the residence of both husband and wife, at the death ot’ tne former, was in Mississippi, and the Homestead law was enacted for the benefit of those domiciled in this State at the time of the death.
■ In this case it is admitted that the domicil of the husband was in Louisiana at the time of his death, and, as by our law the domicil of the wife is the domicil of the husband, the case of Cooper is not precisely in point. The other is not applicable.
We think the domicil of the husband must control in this matter, and regulate the rights of the wife and children under this act, with the same propriety that half of the community property is given k a wife who has never been in the State. See 7 N. S. 42, and 4 L. 191.
The evidence shows that the widow is in possession of property worth one hundred dollars,'and under the provisions of the statute, she is 'entitled to the usufruct of nine hundred dollars out of this succession .during her widowhood, when it vests in the children of the deceased.
It is therefore ordered that the judgment appealed from be reversed, ■and that the opposition of Eleanor Christie, widow of Daniel Christie, deceased, be sustained, so far as to amend the account filed by John Christie, administrator, by placing her thereon as surviving widow and usufructuary for the sum of nine hundred dollars, to be paid by privilege and preference under the provisions of “ An act to provide a homestead for the widow and children of deceased persons,” approved March 17th, 1852. Costs of opposition and of appeal to be borne by the succession.